**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **P.C.**

**No. 23-165** (Webster County CC-51-2022-JA-45)

## MEMORANDUM DECISION

Petitioner Father B.B.[1] appeals the Circuit Court of Webster County's February 23, 2023, order terminating his parental rights to P.C.,[2] arguing that the circuit court abused its discretion by not granting him an improvement period before terminating his parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2022, the DHS filed an abuse and neglect petition against the petitioner and the child's mother after the child was born with amphetamines in her system and suffered from withdrawal symptoms at birth. The petition alleged that the petitioner was addicted to controlled substances, failed to provide the child with a safe home, and failed to protect the child from the mother's drug use while she was pregnant. The petition further alleged that the petitioner was incarcerated and serving a two-year sentence for various misdemeanors and had felony charges pending for grand larceny. The petitioner stipulated to the allegations in the petition, and the circuit court adjudicated him an abusive and neglectful parent at the adjudicatory hearing in December 2022. The petitioner also filed a motion for a post-adjudicatory improvement period.

The dispositional hearing was held in February 2023. The petitioner testified that he was currently incarcerated and eligible for parole in October 2023. The petitioner stated that he would fully comply with any conditions of an improvement period but conceded that he was unaware of

---

[1] The petitioner appears by counsel Andrew Chattin. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Mackenzie Anne Holdren appears as the child's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

what services he could actually receive while incarcerated. He admitted that he had spent the majority of his adult life in and out of incarceration and had not been employed since 2014. He also acknowledged that he did not have a fit and suitable home for the child. The petitioner further testified that he had not seen or had contact with the child since her birth. The DHS worker testified that the DHS recommended an improvement period for the petitioner but could not explain how this would be in the child's best interests or be completed within the statutory timeframes.

At the close of the evidence, the circuit court denied the petitioner's motion for an improvement period. The circuit court found that the length of his incarceration made it impossible to complete an improvement period within the statutory time limitations. The circuit court further found that the petitioner had never had contact with the child and did not have the ability to support or care for the child because he did not have a home or significant employment experience. For those reasons, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the child's welfare. Accordingly, the circuit court terminated the petitioner's parental rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating his parental rights without first granting him an improvement period. In support of his argument, the petitioner contends that there was a reasonable likelihood he could have corrected the conditions of abuse and neglect because the DHS could have provided services while he was in prison; he believed he would be out of prison in October 2023; and he testified that he would comply with the conditions of an improvement period. We find the petitioner's argument unavailing.

Pursuant to West Virginia Code § 49-4-610(2)(B) and (3)(B), the circuit court has discretion in granting a post-adjudicatory or post-dispositional improvement period not to exceed six months. *See* Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). Although he argues on appeal that he could have participated while incarcerated, the petitioner's own testimony reveals that he was unsure if he would be able to participate in services. The petitioner failed to carry his burden for obtaining an improvement period. *See* W. Va. Code § 49-4-610(2)(B) and (3)(B) (requiring that, in order to obtain an improvement period, the parent must "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period."). Accordingly, the court did not err in denying the petitioner's motion for an improvement period.

Further, we find no error in the termination of the petitioner's parental rights. It is well-established that,

---

[3] The mother's parental rights were also terminated. The permanency plan for the child is adoption in her current placement.

[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). According to the record, the circuit court heard testimony about the offenses that resulted in the petitioner's incarceration, that his parole hearing was not scheduled for another eight months, and that his release date was uncertain. The record also shows that the child was only four months old at the dispositional hearing and never had any contact with the petitioner. As such, the circuit court's determination that the child's welfare necessitated termination was clearly made in consideration of the child's "paramount need for permanency, security, stability and continuity." *Id.* Further, the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect would be substantially corrected was based upon substantial evidence and is without error. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child).

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 23, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn